[Crim. No. 11239. Fourth Dist., Div. One. Jan. 30, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ROY JOHN LESTER, Defendant and Appellant.

COUNSEL

Savitz & McCabe, Michael J. McCabe, Beeson & Rakley and Martin Lee Rakley for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.—**

### DUSTER'S DETECTION

Roy Lester appeals the judgment after he pleaded guilty to possessing marijuana for sale (Health & Saf. Code, § 11359) following the denial of his motion to suppress evidence (Pen. Code, § 1538.5). He received probation upon conditions, among them confinement to the sheriff's custody for 120 days and 500 hours of volunteer work in San Diego. These conditions were stayed pending appeal.

Lester, a law student in San Diego, went to Florida for a couple of days and returned with more than 10 pounds of hashish. He got caught

under circumstances where Duster the dog played no small part. Lester's Fourth Amendment rights remained intact.

Alexander, a United States Department of Justice official in San Diego, received a tip from the Ft. Lauderdale sheriff's office that Lester was suspected of carrying narcotics in his luggage on his flight to San Diego. A thorough description of Lester and his luggage was given. Alexander obtained the services of Duster and his handler from the United States Customs. When Lester's flight arrived, his bag was placed on the conveyer belt for transportation to the public baggage area. Alexander, who with other agents had the right to be in the area, removed the bag and placed it in a group of nearby bags. Duster, an expert in narcotics detection, was released and strongly alerted on Lester's bag, biting, gnawing, and scratching it. The bag was hidden from Duster in another group of bags close by. Again Duster alerted to it quickly. Alexander replaced the bag on the conveyer belt; the time from removal to replacement was insignificant, about three minutes. When Lester picked up the bag, an official asked him to accompany him to the harbor police office. Lester agreed. He was very nervous and urinated in his pants. When Lester refused permission to look in his bag, a search warrant was obtained and the contraband was revealed.

■ Without the need to cite other cases,[1] these facts speak for themselves and clearly show probable cause for the conduct of the officials. In truth they reflect the restraint which is wisely applauded by the judiciary as being paradigm conduct. Rather than precipitously taking action without probable cause, the officials carefully investigated without interfering with Lester's rights, and at the proper moment, after developing a thorough case, arrested Lester.

Lester received exemplary legal representation, typical of the high standards of his trial attorney Robert Baxley.

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied February 19, 1980, and appellant's petition for a hearing by the Supreme Court was denied April 10, 1980. Newman, J., was of the opinion that the petition should be granted.

The United States Supreme Court denied a petition for writ of certiorari on October 20, 1980.

---

[1]E.g., Link's Link with Destiny, A Short Tale, (*People* v. *Furman* (1973) 30 Cal. App.3d 454 [106 Cal.Rptr. 366]; Bourbon's Nose Knows, or The Case of Bourbon's Bust, *People* v. *Williams* (1975) 51 Cal.App.3d 346 [124 Cal.Rptr. 253]).